IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Gerald PROOST, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Gerald PROOST, Respondent.

Supreme Court

*No. 2005AP1349–D. Decided October 19, 2005.*

2005 WI 144

(Also reported in 705 N.W.2d 87.)

The Court entered the following order on this date:
Attorney Gerald Proost has filed a petition for consensual license revocation under SCR 22.19. Attorney Proost was licensed to practice law in Wisconsin in 1952 and his license is currently in good standing.

Attorney Proost is the subject of five pending Office of Lawyer Regulation (OLR) grievance investigations involving his representation of five clients. In the first grievance investigation, Attorney Proost discussed with longtime client Anna P. a plan whereby he would invest her savings and earn seven percent interest. Attorney Proost took Anna P., who was 88 years old, to her bank where she signed various documents based on her belief that no money would be removed from her savings account and Attorney Proost's promise that she would begin receiving monthly checks in the amount of $100. Anna P. was unable to read the documents she was signing because she did not have her glasses. Anna P. later learned that she had signed over to Attorney Proost a cashier's check in the amount of $4500. Attorney Proost executed a promissory note and eventually repaid Anna P. all monies owed to her. In addition, Attorney Proost drafted a will for Anna P., naming Attorney Proost's brother as trustee and personal representative of Anna P.'s estate. According to the OLR, this conduct violated SCR 20:1.8(a),[1] 20:1.8(c)[2] and SCR

[1] SCR 20:1.8(a) provides: Conflict of interest: prohibited transactions

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

[2] SCR 20:1.8(c) provides: Conflict of interest: prohibited transactions

20:8.4(c).[3]

The second grievance under investigation involves Attorney Proost's representation of Belva T. in various capacities. In 1990, Attorney Proost borrowed $15,000 from Belva T. He executed a promissory note promising to repay the loan, plus interest, in one year. At the time of Belva T.'s death in June of 2001, Attorney Proost still owed over $13,000 on the loan. Belva T.'s brothers filed suit against Attorney Proost. During the course of the litigation, Attorney Proost sent Belva T.'s brothers' attorney a check for $3500 as partial payment on the loan but there were insufficient funds in his account to cover the check. Attorney Proost eventually sent the lawyer a cashier's check to cover the check that had been returned for insufficient funds. Judgment was subsequently entered against Attorney Proost. He has not yet satisfied the judgment. Attorney Proost also sent the lawyer for Belva T.'s brothers

---

(c) A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where (1) the client is related to the donee, (2) the donee is a natural object of the bounty of the client, (3) there is no reasonable ground to anticipate a contest, or a claim of undue influence or for the public to lose confidence in the integrity of the bar and (4) the amount of the gift or bequest is reasonable and natural under the circumstances. (d) Prior to the conclusion of representation of a client, a lawyer shall not make or negotiate an agreement giving the lawyer literary or media rights to a portrayal or account based in substantial part on information relating to the representation.

[3] SCR 20:8.4(c) provides: Misconduct

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

a list of people to whom he owed money, several of whom were Attorney Proost's clients. According to the OLR, this conduct violated SCR 20:1.8(a) and SCR 20:8.4(c).

The third grievance under investigation involves Attorney Proost's representation of Gladys M. in various capacities over several years. Between 1993 and 1997, Attorney Proost obtained three loans from Gladys M., totaling $82,000. For each loan, Attorney Proost executed a promissory note. All loans, with interest, were to be repaid by January 1998. As of September 2004, Attorney Proost had repaid Gladys M. approximately $26,500 but the remaining balance remains unpaid. According to the OLR, this conduct violates SCR 20:1.8(a) and SCR 20:8.4(c).

The fourth grievance under investigation involves Attorney Proost's representation of Doris Z. in the sale of her home at a time when she was suffering from dementia and was living in a nursing home. Doris Z. turned over the proceeds from the sale of the house, approximately $150,000, to Attorney Proost to invest. Shortly after the sale of the home, Doris Z.'s daughter, Kathleen M., was named Doris Z.'s guardian. Kathleen M. requested an accounting of the proceeds from the sale of the house from Attorney Proost. Attorney Proost failed to provide an accounting. Kathleen M. then made a demand for the proceeds from the sale of the house, together with the interest earned on the proceeds. Despite indicating he had made arrangements to withdraw the proceeds from the investment vehicle and return them to Kathleen M., Attorney Proost failed to do so. In addition, in May of 1999, Attorney Proost obtained a $35,000 loan from Doris Z. That loan was payable in June of 1999 but remains

61

unpaid. According to the OLR, this conduct violates SCR 20:1.7(b),[4] SCR 1.8(a), SCR 20:1.15(d)(2)[5] and SCR 20:8.4(c).

The final grievance under investigation involves Attorney Proost's representation of Roy H. and Fekjire and Nuredin L. in various transactions. Attorney Proost facilitated a transaction whereby Roy H. tendered $100,000 to the L's in reliance on a mortgage and note drafted by Attorney Proost. Although the L's failed to comply with the terms of the mortgage and note, Attorney Proost drafted a satisfaction of mortgage and later authenticated a fraudulent signature on the satisfaction of mortgage. According to the OLR, this con-

---

[4] SCR 20:1.7(b) provides: Conflict of interest: general rule

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

[5] SCR 20:1.15(d)(2) provides: Safekeeping property; trust accounts and fiduciary accounts.

(d) Prompt notice and delivery of property.

(2) Accounting. Upon final distribution of any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property.

duct violated SCR 20:1.1,[6] 20:1.2(d),[7] SCR 20:1.7(a) and (b),[8] 20:4.1(a) and (b)[9] and SCR 20:8.4(b).[10]

[6] SCR 20:1.1 provides: Competence

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[7] SCR 20:1.2(d) provides: Scope of representation

(d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

[8] SCR 20:1.7(b) provides: Conflict of interest: general rule

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

[9] SCR 20:4.1(a) and (b) provide: Truthfulness in statements to others

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of a material fact or law to a third person; or

(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

[10] SCR 20:8.4(b) provides: Misconduct

Attorney Proost admits under SCR 22.19(2) that he cannot successfully defend against the allegations of the grievance investigations. The OLR supports Attorney Proost's petition for consensual license revocation.

IT IS ORDERED that the petition for consensual license revocation is granted.

IT IS FURTHER ORDERED that the license of Gerald Proost to practice law in Wisconsin is revoked effective the date of this order.

IT IS FURTHER ORDERED that Gerald Proost shall comply with the requirements of SCR 22.26 relating to activities following revocation.

IT IS FURTHER ORDERED that Gerald Proost be required to satisfy the judgment entered against him in the lawsuit brought on behalf of Belva T.'s brothers; that he be required to make restitution to Gladys M. in the amount of $55,500, plus interest; and that he be required to satisfy the judgments entered against him as a result of his failure to turn over the proceeds from the sale of Doris Z.'s home and his failure to repay a loan to her.

. . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;